# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Ferris Singley, *a/k/a Ferris Geiger Singley*, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 4:22-cv-01173-TMC<br>)<br>) |
| vs. | )<br>) |
| John S. Nichols; S.C. Supreme Court Commission of Lawyer Conduct; Ashliegh R. Wilson; Kelly B. Arnold; and Joseph P. Turner, | ) **ORDER**<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Ferris Singley, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights as well as the South Carolina Rules of Professional Conduct by failing to transport him to a motion to substitute counsel hearing in January 2014. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), this matter was referred to a magistrate judge for all pretrial proceedings. On April 11, 2022, Plaintiff filed a motion to leave to proceed *in forma pauperis*. (ECF No. 2). Now before the Court is the magistrate judge's Report and Recommendation ("Report"), recommending the Court deny Plaintiff's motion pursuant to the "three-strikes" rule of the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915(g), and allow Plaintiff fourteen (14) days to pay the filing fee of $350 and the administrative fee of $52. (ECF No. 6). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 7), and has not been returned as undeliverable. Accordingly, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 6 at 7), but Plaintiff has

failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

The "three-strikes" rule of the PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020) (noting "[a] strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to

dismissals with and without prejudice); *Degree v. City of Blacksburg Police Dept.*, Civ. A. No. 7:21-cv-03716-BHH-JDA, 2021 WL 6622128, at *2 (D.S.C. Dec. 27, 2021) (finding plaintiff was subject to the three-strikes rule such that plaintiff "[could not] proceed with the instant Complaint under the *in forma pauperis* statute unless his claims satisfy the exception for imminent physical harm provided by the three-strikes rule[,]" and, upon finding the claims failed to satisfy the imminent danger exception, recommending the motion to proceed *in forma pauperis* be denied), *report & rec. adopted by* Civ. A. No. 7:21-cv-3716-BHH, 2022 WL 206082 (D.S.C. Jan. 24, 2022).

As the magistrate judge correctly noted, Plaintiff has filed several lawsuits while incarcerated, at least three of which have been dismissed for failure to state a claim. (ECF No. 6 at 2–4); *see also, e.g.*, *Singley v. Malone et al.*, Civ. A. 2:13-cv-00100-JMC, Dkt. Entry 14 (D.S.C. May 3, 2013); *Singley v. Bush et al.*, Civ. A. 4:10-cv-00660-TLW, Dkt. Entry 18 (D.S.C. May 20, 2011); *Singley v. Catoe et al.*, Civ. A. 2:99-cv-02567-GRA, Dkt. Entry 58 (D.S.C. June 14, 2000). Consequently, each of these lawsuits has constituted a "strike" under the PLRA. The magistrate judge further found that the "imminent danger" exception to the three-strikes rule does not apply in this case because the alleged conduct Plaintiff complains of occurred in 2014—eight years before this action was filed—and Plaintiff alleges no injuries as a result thereof. *See* (ECF No. 6 at 5, 5 n.1). The magistrate judge concluded, therefore, that Plaintiff is barred under the three-strikes rule from proceeding *in forma pauperis* and recommended the court deny Plaintiff's motion. *Id*. at 5–6.

Having thoroughly reviewed the record in this case and the magistrate judge's Report, the Court finds no error in the findings or conclusions of the Report and sees no reason to deviate from the disposition recommended therein. Accordingly, the Court **ADOPTS** the Report (ECF No. 6)

and incorporates it herein, and **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2). Plaintiff shall have fourteen (14) days from the date of this Order to pay the full filing fee of $402. If Plaintiff fails to pay the filing fee within the allotted time, this action will be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders.

    **IT IS SO ORDERED.**

s/ Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 7, 22

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.