IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ferris Singley *a/k/a Ferris Geiger Singley*,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>John S. Nichols; S.C. Supreme Court Commission of Lawyer Conduct; Ashliegh R. Wilson; Kelly B. Arnold; and Joseph P. Turner,<br><br>　　　　　　　Defendants. | Civil Action No. 4:22-cv-01173-TMC<br><br>**ORDER** |

　　　　Plaintiff Ferris Singley, a state prisoner proceeding *pro se*, brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Along with his Complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (ECF No. 2). On April 28, 2022, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court deny Plaintiff's motion pursuant to the "three-strikes" rule of the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), and allow Plaintiff fourteen (14) days to pay the filing fees. (ECF No. 6). Plaintiff filed no objections to the Report and, accordingly, on June 7, 2022, the court adopted the Report and its recommendation, denied Plaintiff's motion, and granted him fourteen (14) days to pay the filing fee of $402.00. (ECF No. 11). The order also warned Plaintiff that if he failed to pay the full filing fee within the time permitted, this action would be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders. *Id*. at 4. The court's order was mailed to Plaintiff at the address he provided to the court, (ECF No. 12), and has not

1

been returned to the court has undeliverable. Accordingly, Plaintiff is presumed to have received the order. Nevertheless, to date Plaintiff has not paid the filing fee and the time to do so has now expired.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a

recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's order. Further, Plaintiff was specifically warned that his case would be subject to dismissal if he failed to pay the filing fee within the time allowed. (ECF No. 11 at 4). The court concludes that Plaintiff's lack of response to the court's order indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, for the reasons set forth herein, this case is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 27, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.